**DYKEMA GOSSETT LLP**
LAURA P. WORSINGER, SBN: 51859
*lworsinger@dykema.com*
S. CHRISTOPHER WINTER, SBN: 190474
*kwinter@dykema.com*
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone:   (213) 457-1800
Facsimile:    (213) 457-1850

Attorneys for Defendant
VF OUTLET, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. A. PRINTEX INDUSTRIES, INC., a California Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>M.I.S.S. SPORTSWEAR, INC, et al.,<br><br>            Defendants. | Case No. CV11 02303 CBM (FMOx)<br>*Hon. Consuelo B. Marshall presiding*<br><br>**ANSWER OF DEFENDANT VF OUTLET, INC. TO COMPLAINT; AFFIRMATIVE DEFENSES: DEMAND FOR JURY TRIAL**<br><br>**Complaint Filed:  March 17, 2011** |

Defendant V.F. Outlet, Inc. ("VF Outlet"), by and through its counsel, in answer to plaintiff L.A. Printex Industries, Inc.'s ("Plaintiff") Complaint, admits, denies, and alleges as follows:

### INTRODUCTION

1.   VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and on that basis denies them.

### JURISDICTION AND VENUE

2.   The allegations of paragraph 1 of the Complaint are legal conclusions and require no response from VF Outlet. To the extent a response is required, VF Outlet admits that LA Printex asserts claims under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

3. The allegations of paragraph 2 of the Complaint are legal conclusions and require no response from VF Outlet. To the extent a response is required, VF Outlet admits that this Court has federal question jurisdiction.

4. The allegations of paragraph 3 of the Complaint are legal conclusions and require no response from VF Outlet. To the extent a response is required, VF Outlet admits that venue is proper in this judicial district.

## PARTIES

5. VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and on that basis denies them.

6. VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and on that basis denies them.

7. VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and on that basis denies them.

8. VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and on that basis denies them.

9. VF Outlet denies that VF Outlet, Inc. is a Pennsylvania corporation doing business in and with the State of California. VF Outlet alleges that VF Outlet is a Delaware corporation authorized to do business in California. Except as expressly admitted or alleged, VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and on that basis denied them.

10. VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and on that basis denies them.

11. VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and on that basis denies them.

12. VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and on that basis denies them.

13. To the extent that the allegations of paragraph 12 of the Complaint are directed at VF Outlet, VF Outlet denies those allegations. To the extent that the allegations of paragraph 12 of the Complaint are directed at other Defendants, they do not require a response by VF Outlet, but if a response is required, VF Outlet lacks information or knowledge sufficient to form a belief as to the truth of such allegations and on that basis denies them.

## CLAIMS RELATED TO DESIGN NO. H80298

14. VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that basis denies them.

15. VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and on that basis denies them.

16. VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and on that basis denies them.

17. In response to paragraph 16 of the Complaint, VF Outlet denies that it misappropriated Subject Design A. Except as expressly denied, VF Outlet lacks

1 knowledge or information sufficient to form a belief as to the truth of the allegations
2 in paragraph 16 of the Complaint and on that basis denies them.

3     18.    VF Outlet lacks knowledge or information sufficient to form a belief as
4 to the truth of the allegations in paragraph 17 of the Complaint and on that basis
5 denies them.

6     19.    VF Outlet lacks knowledge or information sufficient to form a belief as
7 to the truth of the allegations in paragraph 18 of the Complaint and on that basis
8 denies them.

## CLAIMS RELATED TO DESIGN NO. E50180

11     20.    VF Outlet lacks knowledge or information sufficient to form a belief as
12 to the truth of the allegations in paragraph 19 of the Complaint and on that basis
13 denies them.

14     21.    VF Outlet lacks knowledge or information sufficient to form a belief as
15 to the truth of the allegations in paragraph 20 of the Complaint and on that basis
16 denies them.

17     22.    VF Outlet lacks knowledge or information sufficient to form a belief as
18 to the truth of the allegations in paragraph 21 of the Complaint and on that basis
19 denies them.

20     23.    VF Outlet lacks knowledge or information sufficient to form a belief as
21 to the truth of the allegations in paragraph 22 of the Complaint and on that basis
22 denies them.

23     24.    VF Outlet lacks knowledge or information sufficient to form a belief as
24 to the truth of the allegations in paragraph 23 of the Complaint and on that basis
25 denies them.

26     25.    VF Outlet lacks knowledge or information sufficient to form a belief as
27 to the truth of the allegations in paragraph 24 of the Complaint and on that basis
28 denies them.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

26. Paragraph 25 of the Complaint consists of a definition of terms to which no response is required. To the extent that a response is required, VF Outlet admits that Plaintiff purports to define the terms "Subject Designs" and "Infringing Garments" as stated. Except as expressly admitted, VF Outlet lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and on that basis denies them.

## FIRST CLAIM FOR RELIEF

27. In response to the allegations of paragraph 26 of the Complaint, VF Outlet realleges and incorporates herein by this reference paragraphs 1 through 26, herein.

28. VF Outlet denies the allegations of paragraph 27 of the Complaint.

29. VF Outlet admits that one or more of the Defendants manufactures garments and/or is a garment vendor. Except as expressly admitted, the allegations of paragraph 28 of the Complaint are denied.

30. VF Outlet denies the allegations of paragraph 29 of the Complaint.

31. VF Outlet denies the allegations of paragraph 30 of the Complaint.

32. VF Outlet denies the allegations of paragraph 31 of the Complaint.

33. VF Outlet denies the allegations of paragraph 32 of the Complaint.

34. In response to the allegations of paragraph 33 of the Complaint, VF Outlet alleges that prior to the filing of this Complaint, Plaintiff never demanded that VF Outlet cease or desist from all sales and manufacturing of garments incorporating Plaintiff's alleged copyrighted design. VF Outlet denies that it infringed Plaintiff's copyrights, and as such also denies that it infringed Plaintiff's copyrights willfully, intentionally or maliciously. The remaining allegations of paragraph 33 state legal conclusions to which no response by VF Outlet is required. To the extent a response is required, VF Outlet denies the allegations of paragraph 33.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## SECOND CLAIM FOR RELIEF

35. In response to the allegations of paragraph 34 of the Complaint, VF Outlet realleges and incorporates herein by this reference paragraphs 1 through 34, herein.

36. VF Outlet denies the allegations of paragraph 35 of the Complaint.

37. VF Outlet denies the allegations of paragraph 36 of the Complaint.

38. VF Outlet denies the allegations of paragraph 37 of the Complaint.

39. VF Outlet denies the allegations of paragraph 38 of the Complaint.

40. In response to the allegations of paragraph 39 of the Complaint, VF Outlet alleges that prior to the filing of this Complaint, Plaintiff never demanded that VF Outlet cease or desist from all sales and manufacturing of garments incorporating Plaintiff's alleged copyrighted design. VF Outlet denies that it infringed Plaintiff's copyrights, and as such denies that it infringed Plaintiff's copyrights willfully, intentionally or maliciously. The remaining allegations of paragraph 39 state legal conclusions to which no response by VF Outlet is required. To the extent a response is required, VF Outlet denies the allegations of paragraph 39.

## AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses to the Complaint, and without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of any of Plaintiff's claims rather than an element of an affirmative defense, VF Outlet alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint and each and every purported cause of action therein fails to allege facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Laches)

The Complaint, and each and every purported cause of action therein, is barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

The Complaint. and each and every purported cause of action therein, is barred in that Plaintiff has waived any right to recover against VF Outlet, or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

The Plaintiff is estopped by its own acts and/or omissions from any recovery against VF Outlet, or otherwise.

## FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Complaint, and each and every purported cause of action therein, is barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Plaintiff is barred from recovery against VF Outlet because, among other reasons, it had a duty to exercise reasonable efforts to mitigate damages, if any, caused by the acts of the defendants, including VF Outlet.

## SEVENTH AFFIRMATIVE DEFENSE

(Invalid Copyright)

Plaintiff is barred from relief because, among other reasons, Plaintiff's copyrights as alleged in the Complaint, are invalid.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Originality)

Plaintiff is barred from relief because the work upon which this action is based is not original.

## NINTH AFFIRMATIVE DEFENSE
### (Merger Doctrine)

Plaintiff is barred from relief because some or all of its claims are barred by the doctrine of merger.

## TENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiff is barred from recovery in whole or in part because Plaintiff would be unjustly enriched if it is permitted to recover on the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff is barred from recovery by its unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (Due Process)

Under the circumstances of this case, the presumption of validity created by Section 410 of the Copyright Act constitutes a deprivation of due process in violation of the Fifth Amendment of the United States Constitution.

WHEREFORE, VF Outlet prays for judgment as follows:

1. That Plaintiff take nothing by its Complaint and that judgment be entered in favor of VF Outlet;

2. That VF Outlet be awarded its costs and attorneys' fees incurred herein, and

3. That the Court grant such other and further relief as it deems just and proper.

Dated: May 12, 2011

DYKEMA GOSSETT LLP
Laura Worsinger
S. Christopher Winter


By: /S/ *S. Christopher Winter*
S. Christopher Winter
Attorneys for Defendant
VF OUTLET, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Defendant VF Outlet demands a jury trial on all issues so triable in this case.

Dated: May 12, 2011          DYKEMA GOSSETT LLP
                             Laura Worsinger
                             S. Christopher Winter


                             By: /S/ *S. Christopher Winter*
                                 S. Christopher Winter
                                 Attorneys for Defendant
                                 VF OUTLET

PAS01\203991.1
ID\SCW - 102748/0004